IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNILOC USA, INC; UNILOC LICENSING USA LLC; UNILOC 2017, LLC, <br><br>Plaintiffs, <br><br>v. <br><br>AMAZON.COM, INC.; AMAZON WEB SERVICES, INC.; AMAZON DIGITAL SERVICES, LLC; AMAZON DIGITAL SERVICES, INC.; AMAZON FULFILLMENT SERVICES, INC., <br><br>Defendants. | § § § § § § § § § § § § § § § § CIVIL ACTION NO. 2:18-cv-00341 <br><br>PATENT CASE <br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc., Uniloc Licensing USA LLC, and Uniloc 2017, LLC (together "Uniloc"), as and for their complaint against defendants, Amazon.com, Inc., Amazon Web Services, Inc., Amazon Digital Services, LLC, Amazon Digital Services, Inc., and Amazon Fulfillment Services, Inc. (together "Amazon") allege as follows:

## THE PARTIES

1.   Uniloc USA, Inc. is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc also maintains a place of business at 102 N. College, Suite 303, Tyler, Texas 75702.

2.   Uniloc Licensing USA LLC is a Delaware corporation having places of business at 1209 Orange Street, Wilmington, Delaware 19801 and 620 Newport Center Drive, Newport Beach, California 92660.

3.   Uniloc 2017 LLC is a Delaware corporation having places of business at 1209 Orange Street, Wilmington, Delaware 19801 and 620 Newport Center Drive, Newport Beach,

California 92660.

4. Uniloc holds all substantial rights, title and interest in and to the asserted patent.

5. On information and belief, Amazon.com, Inc. is a Delaware corporation with it principal office at 410 Terry Avenue North, Seattle, WA 98109. Amazon can be served through its registered agent, Corporation Service Company, 2711 Centerville Rd., Wilmington, DE 19808. Amazon.com is the parent company of Amazon Web Services, Inc. and the primary operator and controller of the www.amazon.com commerce website. Amazon offers its products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas and in the judicial Eastern District of Texas. As non-limiting examples, Amazon distributes the accused products through its distribution facilities in Denton County, TX. Among other business, Amazon is in the business of manufacturing and selling electronic goods sold in this judicial district.

6. On information and belief, Defendant Amazon Digital Services, LLC is a Delaware limited liability company with a principal place of business at 410 Terry Avenue North, Seattle, Washington 98109. Amazon Digital Services, LLC can be served with process through its registered agent, the Corporation Services Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Defendant Amazon Digital Services, LLC resides in this judicial district. Defendant Amazon Digital Services, LLC regularly conducts business in this district.

7. On information and belief, Amazon Digital Services, Inc. is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, WA98109. Amazon Digital Services, Inc. can be served through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. Defendant Amazon Digital Services, Inc. resides in this judicial district. Defendant Amazon

Digital Services, Inc. regularly conducts business in this district.

8. On information and belief, Amazon Web Services, Inc. is a Delaware corporation with a principal place of business at 410 Terry Avenue North, Seattle, Washington 98109. Amazon Web Services, Inc. can be served with process through its registered agent, Corporation Service Company, at 211 E 7st., Ste 620, Austin, TX 78701. Defendant Amazon Web Services, Inc. resides in this judicial district. Defendant Amazon Web Services, Inc. regularly conducts business in this district.

9. On information and belief, Defendant, Amazon Fulfillment Services, Inc. is a Delaware corporation with a principal office located at 410 Terry Avenue North, Seattle, Washington. Defendant, Amazon Fulfillment Services, Inc. resides in this judicial district. Defendant, Amazon Fulfillment Services, Inc. regularly conducts business in this district.

10. Amazon has a regular and established place of business in this District, including, e.g., distribution facilities, employees, and other business. For example, Amazon's property was appraised on the property tax rolls by Denton County at $248 million and $428,000. https://www.dentoncad.com/api/notices/notice/699143?year=2017;

https://www.dentoncad.com/api/notices/notice/659411?year=2017;

https://blog.taxjar.com/amazon-warehouse-locations/ ("#DFW6 – 940 W Bethel Road Coppell, TX 75019"); https://trustfile.avalara.com/resources/amazon-warehouselocations/. As another example, Amazon has its Amazon Fulfillment Center FTW3-4 at 15201 Heritage Pkwy, Fort Worth, TX 76177, which is in this District. Amazon also maintains data center(s) in Dallas/Fort Worth area, which is involved in the operation of the accused instrumentalities. Amazon offers its products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas and in this District. Amazon derives financial benefits through its business in Texas and in this District. *See, e.g.,* http://dir.texas.gov/View-

Search/ContractsDetail.aspx?contractnumber=DIR-TSO-2733;

https://aws.amazon.com/contractcenter/cloud-services-for-the-state-of-texas/.[1]

## JURISDICTION

11. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. This Court has personal jurisdiction over Amazon in this action because Amazon has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Amazon would not offend traditional notions of fair play and substantial justice. Amazon has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the asserted patent.

13. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b). Amazon is registered to do business in Texas, and upon information and belief, Amazon has transacted business in the Eastern District of Texas and has committed acts of direct and indirect infringement in the Eastern District of Texas. Amazon has regular and established place of business in this District, as set forth above.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 9,564,952)

14. Uniloc incorporates the preceding paragraphs above by reference.

15. U.S. Patent No. 9,564,952("the '952 Patent"), entitled NEAR FIELD

---

[1] *See also, e.g.,* http://www.costar.com/News/Article/Amazon-Establishes-Austin-HQ-inDomain-7/171852; http://www.datacenterknowledge.com/archives/2008/11/18/whereamazons-data-centers-are-located; http://www.govtech.com/computing/Texas-andAmazon-Unite-on-Cloud-Services-Contract.html; http://publishingext.dir.texas.gov/portal/internal/contracts-and-services/Contracts/Contract%20DIR_TSO_2733.pdf.

AUTHENTICATION THROUGH COMMUNICATION OF ENCLOSED CONTENT SOUND WAVES that issued on February 7, 2017. A true and correct copy of the '952 Patent is attached as Exhibit A hereto.

16. Pursuant to 35 U.S.C. § 282, the '952 Patent is presumed valid.

17. The '952 Patent describes inventive features that are not well-understood, routine, and conventional.

18. Amazon makes, uses, offers for sale, sells and/or imports into the United States a platform marketed under the name "Amazon Dash" or "Dash". The Amazon Dash include a device that helps one build their Amazon shopping cart by speaking into the device or scanning barcodes. The setup of the Dash device is done via an Amazon App that registers the device with Amazon's servers. Collectively, such a system is the "Accused Infringing Devices".

19. In the setup process, the Amazon Dash device receive what Amazon calls "ultrasonic tones" initiated by an Amazon App installed on an iPhone. More particularly, a scan initially occurs for frequencies in the 18-19 kHz range whereby a carrier frequency is selected. A period enclosed content message is then sent via Amplitude Shift Modulation on the selected carrier frequency sound wave. The message is sent twenty times and includes a start, message, and end portions.

20. As part of message, Amazon generates a "short" (<=48 bits) device identifier (UDID) for the Dash device to associates such a device the user's Amazon Account information. The SSID and passphrase for a Wi-Fi connection are sent via audio packets to the Dash device, along with the UDID that was just generated.

21. The Dash device parses the data and attempts to connect to the Wi-Fi network. If it's successful, Dash contacts Amazon servers with the supplied UDID. The Amazon servers "register" the button as active with the user's Amazon account and tell the iOS app to continue setup.

22. Amazon has directly infringed, and continues to directly infringe one or more claims of the '952 Patent in the United States during the pendency of the '952 Patent, including at least claim 9 literally and/or under the doctrine of equivalents, by or through making, using, offering for sale and/or selling the Accused Infringing Devices that operate as described above.

23. In addition, should the Accused Infringing Devices be found to not literally infringe claims of the '952 Patent, use of the devices would nevertheless infringe one or more claims of the '952 Patent. More specifically, the devices perform substantially the same function (providing data over sound waves), in substantially the same way (modulating data onto sound waves) to yield substantially the same result (user and non-user configurable data over a sound wave). Amazon would thus be liable for direct infringement under the doctrine of equivalents.

24. Amazon has indirectly infringed and continues to indirectly infringe at least claim 9 of the '952 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale or sell1ing the Accused Infringing Devices. Amazon's customers who use such devices in accordance with Amazon's instructions directly infringe one or more of claims of the ' 952 Patent in violation of 35 U.S.C. § 271.  Amazon directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides such as those located at one or more of the following:

- https://s3-us-west-2.amazonaws.com/customerdocumentation/Dash/Amazon+Dash+Quick+Start+Guide.pdf
- https://www.amazon.com/gp/help/customer/display.html?nodeId=201820270

Amazon is thereby liable for infringement of the '952 Patent under 35 U.S.C. § 271(b).

25. Amazon has indirectly infringed and continues to indirectly infringe at least claim 9 of the '952 Patent by, among other things, contributing to the direct infringement by others including, without limitation customers using the Accused Infringing Devices, by making, offering

6

to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '952 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

26. Amazon will have been on notice of the '952 Patent since, at the latest, the service of this complaint upon Amazon. By the time of trial, Amazon will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of one or more of claims of the '952 Patent.

27. Amazon may have infringed the '952 Patent through other devices, systems, and software utilizing the same or reasonably similar functionality as described above. Uniloc reserves the right to discover and pursue all such additional infringing software and devices.

28. Uniloc has been damaged by Amazon's infringement of the '952 Patent.

**PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against Amazon as follows:

(A)  declaring that Amazon has infringed the '952 Patent;

(B)  awarding Uniloc its damages suffered as a result of Amazon's infringement of the '952 Patent pursuant to 35 U.S.C. § 284;

(C)  awarding Uniloc its costs, attorneys' fees, expenses and interest, and
(D)  granting Uniloc such further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: August 5, 2018					Respectfully submitted,

							By: /s/ James L. Etheridge
							James L. Etheridge
							Texas Bar No. 24059147
							Ryan S. Loveless
							Texas Bar No. 24036997
							Brett A. Mangrum
							Texas Bar No. 24065671
							Travis L. Richins
							Texas Bar No. 24061296
							Jeff Huang
							Etheridge Law Group, PLLC
							2600 E. Southlake Blvd., Suite 120 / 324
							Southlake, TX  76092
							Tel.: (817) 470-7249
							Fax: (817) 887-5950
							Jim@EtheridgeLaw.com
							Ryan@EtheridgeLaw.com
							Brett@EtheridgeLaw.com
							Travis@EtheridgeLaw.com
							Jeff@EtheridgeLaw.com

							**ATTORNEYS FOR PLAINTIFFS UNILOC USA, INC; UNILOC LICENSING USA LLC; UNILOC 2017, LLC**

v